**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4612**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRADLEY DALE WAYCASTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:06-cr-00031-LHT)

Submitted:  December 19, 2007        Decided:  January 9, 2008

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Ann Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy E. Ray, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Dale Waycaster appeals from his 262-month sentence after pleading guilty to possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). Waycaster's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but asking this court to review whether the district court violated Waycaster's Fifth and Sixth Amendment rights by enhancing his sentence, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2006), based on prior convictions that had not been found by a jury or admitted by him. Waycaster filed a pro se supplemental brief in which he asserts that he should have received a downward departure pursuant to USSG § 5K1.1. Finding no error, we affirm.

Because Waycaster failed to object to the district court's enhancement of his offense level, this court reviews the claim for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). While Waycaster contends on appeal that the district court erred by increasing his sentence based on facts that were not submitted to a jury or admitted by him, prior convictions do not need to be determined by a jury beyond a reasonable doubt. See Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); see also United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing

- 2 -

validity of Almendarez-Torres after United States v. Booker, 543 U.S. 220 (2005)), cert. denied, 546 U.S. 1010 (2005). The nature and occasion of prior offenses are facts inherent in the convictions and the Government is not required to allege prior convictions in the indictment or submit proof of them to a jury. See United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005), cert. denied, 547 U.S. 1005 (2006); see also Shepard v. United States, 544 U.S. 13, 25 (2005). Therefore, the district court did not err in using Waycaster's prior convictions in determining his sentence on the present conviction.

In his pro se supplemental brief, Waycaster asserts that he provided the Government with information and should have received a downward departure pursuant to USSG § 5K1.1. However, the filing of a motion for downward departure was within the Government's sole discretion, as the Government was not required to move for a reduction under the terms of the plea agreement. Nor is there any evidence in the record that the refusal was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Accordingly, Waycaster's claim is meritless.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Waycaster's sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED